IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NORMAN WICKS, SR.; and
NORMAN WICKS, JR.,

                Plaintiffs,

        v.

JUDGE TED GROVE; JEFFERY
AUXIER; COLUMBIA COUNTY
SHERIFF'S DEPT.; and COLUMBIA
COUNTY JUSTICE DEPT.,

                Defendants.

Case No. 3:20-cv-00812

ORDER TO DISMISS

SIMON, Judge.

     Plaintiffs bring this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the court granted plaintiffs' Applications to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the court dismisses plaintiffs' Complaint.

## BACKGROUND

     Plaintiffs name as defendants Columbia County Circuit Judge Ted Grove, Columbia County prosecutor Jeffery Auxier, the Columbia County Sheriff's Department, and the "Columbia County Justice Department." The Complaint is largely incomprehensible. Plaintiffs allude to alleged assaults against them by unidentified individuals, criminal charges apparently brought against

1 - ORDER TO DISMISS

plaintiffs, treatment one or both plaintiffs received in the Columbia County Jail, treatment plaintiff Norman Wicks, Sr., received at the Oregon State Hospital, and harassment by unidentified private and public individuals.  The Complaint is largely duplicative of the Complaint filed by plaintiffs in *Wicks v. District Attorney*, Case No. 3:19-cv-01612-AC, which was dismissed  for failure to state a claim upon which relief may be granted.[1]  By way of remedy, plaintiffs seek money damages.

## STANDARDS

A district court must dismiss an action initiated by a plaintiff proceeding *in forma pauperis* if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).  A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

---

[1] Plaintiffs were granted leave to file an Amended Complaint in that action, but failed to do so.  The case was ultimately dismissed pursuant to Local Rule 83-12 as plaintiffs failed to notify the court of their change of address.

2 - ORDER TO DISMISS

## DISCUSSION

### I.    Procedural Deficiencies

Pursuant to Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court."   Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   "Each allegation must be simple, concise and direct."  Fed. R. Civ. P. 8(d)(1).  If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper.  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored); *cf.* Fed. R. Civ. P. 8(e)(1) ("each averment of a pleading shall be simple, concise, and direct").  Plaintiffs' Complaint does not satisfy the pleading requirements of Rule 3 or Rule 8.

### II.    Substantive Deficiencies

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  A § 1983 plaintiff must establish both causation-in-fact and proximate (*i.e.*, legal) causation.  *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).  Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused

a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). "Sweeping conclusory allegations [regarding causation] will not suffice[.]" Id. (citation omitted).

"Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Additionally, judicial immunity extends to preclude prospective injunctive relief against a state court judge for acts or omissions made in that judge's official capacity. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). Therefore, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice[.]" *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted). Instead, the law is clear that judicial immunity is overcome in only two circumstances: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity[;]" and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 12.

It appears from plaintiffs' Complaint that any claims against Judge Grove for actions taken in presiding over a criminal case were taken in this defendant's judicial capacity. Further the Complaint does not allege any facts demonstrating that Judge Grove's actions were taken in the complete absence of all jurisdiction. Accordingly, Judge Grove is absolutely judicially immune from this § 1983 action.

Prosecutors are also absolutely immune from liability for damages caused by conduct within the scope of their authority and "'intimately associated with the judicial phase of the criminal

process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Absolute prosecutorial immunity is not defeated by a showing of malicious or wrongful conduct. *Imbler*, 424 U.S. at 431. Plaintiffs' complaint appears to involve conduct associated with the judicial phase of the criminal process. Accordingly, plaintiffs' claim for money damages against prosecutor Auxier is barred by prosecutorial immunity.

To the extent plaintiffs' Complaint may be construed as alleging either or both were illegally held in custody, "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, a plaintiff may not challenge his custody under § 1983, whether he seeks monetary damages or injunctive release, until that term of custody has been set aside. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (holding wrongful arrest, malicious prosecution, and conspiracy to bring false charges barred by *Heck*); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding false arrest and imprisonment claims were *Heck*-barred until conviction is invalidated). Such claims "necessarily imply" the invalidity of a conviction. *See, e.g.*, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) (finding that pretrial detainee's claim that he was denied access to a telephone to call his attorney was *Heck*-barred).

5 - ORDER TO DISMISS

Finally, "persons" under 42 U.S.C. § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 995-96 (N.D. Cal. 1996). A municipal entity is liable under § 1983 only if the plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691 (1978). The Columbia County Sheriff's Department and the Columbia County Justice Department may not be held vicariously liable under § 1983 simply based on allegedly unconstitutional acts of their employees. *Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. Instead, the municipalities may be held liable "when execution of a government's policy or custom . . . inflicts the injury." *Monell*, 436 U.S. at 694. Plaintiffs do not allege facts supporting a claim that the actions allegedly taken by unidentified county and city employees in this case amounted to execution of a government policy or custom. Accordingly, plaintiffs do not state a claim against the Columbia County Sheriff's Department or the Columbia County Justice Department upon which relief may be granted.

## CONCLUSION

Based on the foregoing, the Court DISMISSES plaintiffs' Complaint. Plaintiffs may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiffs are advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

Because the court finds no extraordinary circumstances, the court DENIES plaintiffs' Motion for Appointment of Counsel (ECF No. 7).

IT IS SO ORDERED.

DATED this 24th day of February, 2021.

 /s/ Michael H. Simon
Michael H. Simon
United States District Judge

7 - ORDER TO DISMISS